**Tim TAGGART, Plaintiff–Appellant,**

v.

**STATE BAR OF CALIFORNIA, Defendant–Appellee.**

No. 02–16760.
D.C. No. CV–S–01–1537 MCE/PAN.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.[*]

Decided March 13, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

### MEMORANDUM [**]

Tim Taggart appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 complaint against the State Bar of California ("Bar"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

novo, *see Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 939 (9th Cir.2002), and we affirm.

The district court did not err in dismissing Taggart's action on Eleventh Amendment grounds. The Eleventh Amendment bars private parties from suing states in federal court. *Douglas v. Cal. Dep't of Youth Authority*, 271 F.3d 812, 817 (9th Cir.2001). The California State Bar, and its associated hearings tribunals and review courts, are arms of the state. *See Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir.1995). Taggart's complaint does not name any state employees, either in their individual or official capacities, nor does it allege that California waived its immunity, or that Congress abrogated it. *See Douglas*, 271 F.3d at 817–18 (identifying exceptions to Eleventh Amendment immunity). Furthermore, we reject Taggart's contention that the Bar's immunity does not extend to his claims for injunctive and declaratory relief, because Eleventh Amendment immunity does not depend on the type of relief sought when the state itself is the only party subject to suit. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 58, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *In re Mitchell*, 209 F.3d 1111, 1116 (9th Cir. 2000), *abrogation on other grounds recognized by Hibbs v. Dep't of Human Res.*, 273 F.3d 844 (9th Cir.2001) ("[S]uits only requesting non-monetary relief do not divest the state of its immunity.").

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Austin's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.